**U.S. BANKRUPTCY COURT**
District of South Carolina

Case Number: **14-04337-hb**

**ORDER**

The relief set forth on the following pages, for a total of 6 pages including this page, is hereby ORDERED.

**FILED BY THE COURT**
**03/16/2015**



US Bankruptcy Judge
District of South Carolina

Entered: 03/16/2015

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| IN RE: | C/A No. 14-04337-HB |
| | Chapter 13 |
| Jeffrey Alan Hale and Karen Sclee Hale, | **ORDER** |
| Debtor(s). | |

**THIS MATTER** comes before the Court upon the *Motion to Determine Post-Petition Fees, Expenses, and Charges under Fed. R. Bankr. P. 3002.1* ("Motion"), filed by F. Lee O'Steen on behalf of Debtors Jeffrey Alan Hale and Karen Sclee Hale. The Hales' Motion is in response to the *Notice of Postpetition Mortgage Fees, Expenses, and Charges* ("3002.1 Notice") filed by counsel for Bank of America, N.A. ("B of A"), requesting a total of $300.00 in post-petition fees.

## FACTS

1. The Hales filed a petition for Chapter 13 bankruptcy relief on July 31, 2014.

2. Jeffrey Hale owes a debt to B of A that is secured by a first mortgage on the Hales' primary residence. Paragraph 7 of this mortgage provides:

> If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation, or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property . . .

3. The Hales' Schedules state the residence is co-owned by Debtors with Karen Hale's mother and lists the value of the residence as significantly more than B of A's secured claim.

4. The Court confirmed the Hales' Chapter 13 plan on October 16, 2014. The plan indicates the Hales are current on obligations to B of A and will continue regular payments

directly to B of A outside the plan. The Chapter 13 plan also indicates there are no arrears owed to B of A that will be cured through monthly plan payments pursuant to 11 U.S.C. § 1322(b)(3) and/or (5).[1]

5. Post-confirmation, B of A filed a proof of claim on November 18, 2014, confirming that the Hales were not in arrears at the time their Chapter 13 case was filed. A review of the claim indicates that it is uncomplicated and unremarkable. The claim is signed by Travis Menk, Esq. and placed on the CM/ECF claims register using his login credentials.

6. Thereafter, on January 6, 2015, B of A filed a 3002.1 Notice requesting $300.00 for fees incurred post-petition. Of that total, $150.00 were for "Review of Plan" incurred pre-confirmation on August 20, 2014, and $150.00 for "Proof of Claim" incurred post-confirmation on November 19, 2014. Only the dates and these brief descriptions of the services are included. The 3002.1 Notice is signed by Travis Menk, Esq. and placed on the CM/ECF docket claims register using his login credentials.

7. After due notice, B of A did not respond in opposition to the Hales' Motion and did not appear at the March 5, 2015 hearing.

DISCUSSION AND CONCLUSIONS OF LAW

Rule 3002.1 was adopted to resolve problems encountered by Chapter 13 debtors who utilized § 1322(b)(5) to cure mortgage defaults in their Chapter 13 plans. While debtors could cure an arrearage on their principal residence under § 1322(b)(5), they often incurred significant fees and costs as a result of post-petition defaults or interest or escrow fluctuations under the terms of the underlying loan documents. Many creditors would not inform debtors that these charges had been incurred until after the Chapter 13 case was closed because they feared doing so may be considered a violation of the automatic stay. Additionally, because the fees and

---

[1] Further reference to the Bankruptcy Code, 11 U.S.C. § 101 *et seq.*, will be by section number only.

charges were post-petition obligations not included in the Chapter 13 plan, they were not discharged at the conclusion of the case and the debtors may emerge from bankruptcy to face a substantial and previously undisclosed arrearage. This outcome was inconsistent with the goal of providing debtors with a fresh start. *In re Sheppard*, C/A No. 10-33959-KRH, 2012 WL 1344112, at *2 (Bankr. E.D. Va. Apr. 18, 2012).

Rule 3002.1 attempts to remedy this problem by requiring creditors provide debtors with timely notice of any post-petition charges or payment changes. Rule 3002.1 "applies in a chapter 13 case to claims that are (1) secured by a security interest in the debtor's principal residence, and (2) provided for under § 1322(b)(5) of the Code in the debtor's plan." Fed. R. Bankr. P. 3002.1(a). Subsection (c) of the Rule provides:

> The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses, or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principal residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

Fed. R. Bankr. P. 3002.1(c). Rule 3002.1(d) specifies that the notice shall be prepared using the appropriate Official Form and filed as a supplement to the creditor's proof of claim. Upon receipt of the notice, a debtor or trustee may file a motion requesting that, after notice and hearing, the Court determine whether payment of the fee, expense, or charge is required by the underlying agreement and applicable non-bankruptcy law. Fed. R. Bankr. P. 3002.1(e).

Courts are split on whether Rule 3002.1 applies when no arrearage exists or when the real property is not the debtor's primary residence. *Compare In re Weigel*, C/A No. 10–17639, 2012 WL 6061023 (Bankr. E.D. Va. Dec. 6, 2012) (holding that § 1322(b)(5) did not apply when there was no pre-petition arrearage and the plan provided for direct payments to creditor); *In re Garduno*, 2012 WL 2402789 (Bankr. S.D. Fla. June 26, 2012) (finding that Rule 3002.1 did not

3

apply because the mortgage addressed in the notice was not the debtors' principal residence and § 1322(b)(5) did not apply where the bank was not receiving any payments through the plan); *In re Merino,* No. 9:09–bk–22282, 2012 WL 2891112 (Bankr. M.D. Fla. July 16, 2012) (stating that because Rule 3002.1 was adopted to aid in the implementation of § 1322(b)(5), "[a]n inference may be drawn that Rule 3002.1 does not apply to claims being paid outside the plan."); *with In re Tollios*, 491 B.R. 886, 889-90 (Bankr. N.D. Ill. 2013) (finding that Rule 3002.1 applies in all Chapter 13 cases in which the plan provides for the maintenance of the debtor's monthly mortgage payments on his or her principal residence, regardless of whether the plan also provides for the cure of any prepetition arrears owed to the creditor); *In re Roife*, C/A No. 10-34070, 2013 WL 6185025 (Bankr. S.D. Tex. Nov. 26, 2013) (finding that payments "outside the plan" can nonetheless fall under § 1322(b)(5) and be "provided for by the plan" so long as the debtor exercises his or her discretion "to make a provision in a chapter 13 plan for an un-modified secured claim. If the plan does not make a provision for the un-modified secured claim, the plan does not provide for the claim. It follows that if a plan makes a provision for an unmodified secured claim, the plan provides for the claim." (citations omitted)); *In re Cloud*, C/A No. 09-60299, 2013 WL 441543, at *2 (Bankr. S.D. Ga. Jan. 31, 2013) (holding that "§ 1322(b)(5) encompasses all long-term debt, not just debt on which a pre-petition default is cured through the plan . . ."; therefore, Rule 3002.1 applies even if no prepetition arrearage exists and the debtor is making post-petition payments directly to the creditor).

Regardless of the manner in which the charges at issue are presented to the Court, the undersigned agrees with *In re Lighty*, 513 B.R. 489 (Bankr. D.S.C. 2014), wherein Judge Duncan indicated that mortgage creditors' Rule 3002.1 notices must provide adequate descriptions for

4

such contractual charges.[2]  While the creditors' deficiencies in *Lighty* were remedied by subsequent evidence and testimony, Judge Duncan noted that "additional pages could have been attached describing the work performed . . ." and "the Court may find the criteria of Rule 3002.1(e) unsatisfied in future challenges to Rule 3002.1 notices where a fuller description of the services performed is not provided in the notices." *Id.* at 497 n.5.

As warned in *Lighty*, simply including "Review of Plan" or "Proof of Claim" on the 3002.1 Notice (or proof of claim) does not necessarily explain to the debtor, the trustee, or the Court why the services of an attorney were needed, whether the charges are reasonable on the particular facts of the case, who performed the work, the time spent on the task, the rate charged, etc.  Whether or not Rule 3002.1 applies to the case at hand, B of A must properly support the billed fees or charges asserted in bankruptcy proceedings.  Without any response, testimony, or other evidence presented by B of A to supplement the insufficient 3002.1 Notice and to demonstrate that the requested fees are allowable pursuant to the underlying loan agreement or non-bankruptcy law and were necessary and/or reasonable, there is insufficient information for a finding that the requested fees for the services are permissible.  Accordingly, B of A may not charge the post-petition fees referenced in the Hales' Motion.

**IT IS THEREFORE ORDERED** that the Hales' *Motion to Determine Post-Petition Fees, Expenses, and Charges under Fed. R. Bankr. P. 3002.1* is **GRANTED** and B of A's request for post-petition fees of $300.00 is **DENIED**.

**AND IT IS SO ORDERED.**

---

[2] Similar to the case at hand, in *Lighty*, the mortgage creditors' 3002.1 notices requested fees described as: "Attorney fee: POC and Plan review" and "Bankruptcy/Proof of claim fees." 513 B.R. at 491.

5